COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  §  |  |
| --- | --- | --- |
| WILLIE RAY HURST, | § | No. 08-09-00038-CR |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | 15th District Court |
|  | § |  |
| THE STATE OF TEXAS, | § | of Grayson County, Texas |
|  | § |  |
| Appellee. | § | (TC # 055819-15) |
|  | § |  |

## **O P I N I O N**

This is an appeal from a conviction for possession of a controlled substance. Appellant was sentenced by a jury to two years' confinement in the Texas Department of Criminal Justice--State Jail facility. Appellant frames the issue for review as whether the constitutional right to confrontation trumps state evidentiary rules. Appellant also argues that the evidence he sought to introduce was admissible to show habit or routine, and bias and motive of the arresting officer. Because we conclude he has failed to preserve error, we affirm.

## FACTUAL BACKGROUND

During trial, the testimony of the arresting officer, Jessie Grissom, was in direct contravention of Appellant's testimony. Officer Grissom testified that he witnessed Appellant swerving on the roadway before pulling into the driveway at the home of Lyndon Butler. Grissom followed Appellant for several blocks before activating his lights and pulling up to block Appellant in the driveway. When Appellant could not produce a valid driver's license, Grissom decided to arrest him. The vehicle was searched incident to arrest and also because the officer detected the smell of marijuana. The search produced a non-usable quantity of marijuana located in the ashtray

of the vehicle. Appellant was taken to the city jail to be booked for the offense of driving without a license.

Appellant's testimony was radically different. He testified that Grissom did not witness him driving on the roadway. He had been parked in Butler's driveway for perhaps as long as thirty minutes before Grissom pulled in to block his exit. Moreover, Appellant drove to Butler's home from a different direction than the one traveled by Grissom. Appellant contends that Grissom lied about the encounter in order to establish probable cause for detention, arrest, and search incident to arrest. He also complains that Grissom lied about finding a controlled substance on his person at the jail. According to Appellant, if any controlled substance was found, it was planted on him by one of the officers.

The defense attempted to offer the testimony of Erik Jackson, the Legal Redress Chair with the National Association for the Advancement of Colored People (NAACP) for the past five years. The prosecutor objected and the remainder of Jackson's testimony took place outside the presence of the jury. On voir dire, Jackson described a pervasive pattern and practice by the Denison Police Department of disregarding the constitutional rights of its minority citizens. He specifically testified about a program he initiated known as the Covenant of P.R.I.D.E. Printed cards were distributed and citizens were encouraged to simply provide the card to an officer if detained. The cards explained that the citizen intended to assert the right to remain silent and to refuse consent to search. Jackson was forced to discontinue the program because of the police department's response. He explained that one person was arrested for interfering with public duties when he handed the card to a police officer.

Arthur Taylor also testified on voir dire. He portrayed Grissom as a dishonest officer who lied and used excessive force. Grissom had purportedly told Taylor that "he would plant something

on me if he couldn't catch me with something." On one occasion when Grissom attempted to stop Taylor in his patrol car, Taylor drove straight to the police station instead of pulling over because he was afraid. When he did get out of the vehicle, Grissom grabbed him by the neck. Taylor fell and while he was incapacitated, Grissom jumped in the middle of his back and beat his head into the ground. As a result, Taylor needed hospital treatment.

## CONFRONTATION CLAUSE

Appellant contends that the confrontation clause is invoked when the defendant testifies in direct contradiction to the testimony of the arresting officer. He suggests a defendant may then introduce evidence that the police department has a pattern of disregarding constitutional rights as well as evidence of extraneous acts by the arresting officer which specifically violate civil rights. He thus argues that the trial court abused its discretion by disallowing such testimony.

### *Objections to the Testimony*

During Erik Jackson's testimony, the prosecutor inquired as to the purpose for the questions about the NAACP. Initially, Appellant's counsel claimed it was to establish a prior inconsistent statement, and then clarified that she meant a prior consistent statement. The prosecutor objected that any statement by Appellant to Jackson would be rank hearsay. Defense counsel advised the court that Jackson's testimony was needed to prove a pervasive practice by the Denison Police Department of violating the constitutional rights of suspects. She also wanted to address specific complaints against Officer Grissom. The prosecutor restated a hearsay objection and objected to relevance.

The defense then questioned Arthur Taylor regarding Officer Grissom's reputation for truthfulness and specific instances of Grissom's conduct toward Taylor. Taylor's testimony was offered under Rule 608 of the Texas Rules of Evidence and counsel explained that the evidence was relevant because Appellant had accused Officer Grissom of planting evidence. Taylor's testimony

that Officer Grissom threatened to plant evidence on him would then bolster Appellant's testimony. The State objected that the proper predicate had not been laid and that the testimony was hearsay. The court instructed defense counsel not to inquire into specific instances of conduct by Officer Grissom. Counsel protested, but could not articulate a legal basis for admissibility. The trial court recessed briefly to give counsel time to locate law to support her position. When the court re-convened outside the presence of the jury, Taylor testified regarding a specific encounter with Officer Grissom. The prosecutor objected, and the court ruled that Taylor could testify to Officer Grissom's reputation for truthfulness, but he could not offer details of any specific acts or conduct. Defense counsel argued that specific acts or instances of conduct were admissible to prove intent, knowledge, or plan under Rule 404(b). The trial court pointed out that counsel was not attempting to prove intent, knowledge, or plan, but that "because he threatened it before he did it this time . . . ." Emphasizing that this was "exactly what 404(b) says it is not admissible . . . ," the court sustained the State's objection.

*Failure to Preserve Error*

Appellant argues on appeal that the trial court erred in preventing Jackson and Taylor from testifying as to specific acts by the Denison Police Department and Officer Grissom. These arguments rest solely on claims that the Confrontation Clause of the Sixth Amendment to the United States Constitution was violated, that the "habit or practice" exception to hearsay under Rule 406 of the Texas Rules of Evidence applies, and that the evidence was admissible to prove bias and motive of the arresting officer under Rule 404(b). But Appellant never raised these arguments in the trial court.

To preserve error on appeal, the complaining party must make a timely, specific objection and obtain a ruling on the objection. TEX.R.APP.P. 33.1(a); *see Broxton v. State*, 909 S.W.2d 912,

918 (Tex.Crim.App. 1995).  The issue on appeal must also comport with the objection made at trial. *Santellan v. State*, 939 S.W.2d 155, 171 (Tex.Crim.App. 1997); *Broxton*, 909 S .W.2d at 918. Because Appellant's confrontation clause, Rule 406, and Rule 404(b) motive arguments on appeal do not comport with the Rule 613(c), Rule 608, and Rule 404(b) intent, knowledge, or plan objections lodged at trial, he has waived error.  Consequently, we overrule the issue for review and affirm the judgment of the trial court.

March 17, 2010

ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Chew, Judge
Chew, Judge, sitting by assignment

(Do Not Publish)